[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 11-13374
Non-Argument Calendar

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
APRIL 17, 2012
JOHN LEY
CLERK

D.C. Docket No. 1:10-cv-24482-AJ


GREGORY O'NEIL HENDERSON,

                                        Plaintiff-Appellant,

versus

ALLEN DAVIS,
Correctional Probation Supervisor,
ELIZABETH MANGER,
Correctional Probation Supervisor,
KIMBERLY MAY,
Correctional Probation Supervisor,
LATRENDA SMALL,
Parole Examiner,

                                        Defendants-Appellees.


_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(April 17, 2012)

Before TJOFLAT, EDMONDSON and BLACK, Circuit Judges.

PER CURIAM:

Gregory O'Neil Henderson appeals the district court's dismissal of his 42 U.S.C. § 1983 civil rights action for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B). He contends the district court improperly dismissed his amended complaint pursuant to *Heck v. Humphrey*, 512 U.S. 477 (1994), because the district court misconstrued it as an attack upon the revocation of his Florida state conditional release. After review,[1] we affirm the district court.

A state prisoner may not bring a damages claim pursuant to 42 U.S.C. § 1983, wherein success would logically contradict the underlying reason for his incarceration. *Heck*, 512 U.S. at 487. "Thus, when a state prisoner seeks damages in a § 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed . . . ." *Id.*

Henderson's success in his civil rights action alleging the defendants conspired to commit perjury and violate his rights under the Fifth, Eighth and Fourteenth Amendment would logically contradict the revocation of his

---

[1] We review *de novo* a district court's dismissal for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B). *Mitchell v. Farcass*, 112 F.3d 1483, 1489-90 (11th Cir. 1997).

conditional release. Furthermore, his requests for monetary damages were directly attributable to the revocation of his conditional release and re-incarceration, and therefore barred by *Heck*. Accordingly, *Heck* bars these claims, and the district court did not err in dismissing them pursuant to 28 U.S.C. § 1915(e)(2)(B).

However, Henderson's success on his Fourth Amendment claim, that the search and seizure at his residence by parole officers was unconstitutional, would not necessarily contradict the revocation of his conditional release. While the information gathered during the search served as the basis for the revocation of his conditional release, that evidence was admissible at the revocation hearing regardless of the constitutionality of the search due to the inapplicability of the exclusionary rule to conditional release revocation hearings. *See Pa. Bd. of Prob. & Parole v. Scott*, 524 U.S. 357, 364 (1998) (explaining while courts generally exclude material gathered in violation of the Fourth Amendment, the exclusionary rule does not apply in state parole revocation hearings to exclude evidence obtained in violation of the Fourth Amendment). Regardless, the district court did not err in dismissing his Fourth Amendment claim because it was untimely submitted more than four years after the date upon which it accrued.[2] *See* Fla.

---

[2] We may affirm a district court's decision on any ground supported by the record. *Bircoll v. Miami-Dade Cnty.*, 480 F.3d 1072, 1088 n.21 (11th Cir. 2007).

3

Stat. § 95.11(3)(p); *Burton v. City of Belle Glade*, 178 F.3d 1175, 1188 (11th Cir. 1999) (stating § 1983 actions commenced in Florida are governed by the four-year residual state statute of limitations).

Thus, we affirm the district court's dismissal of Henderson's civil action.

**AFFIRMED.**